UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LAWRENCE RICHARD** | **CASE NO. 6:19-CV-01188** |
| **VERSUS** | **JUDGE JUNEAU** |
| **ALONZO HARRIS ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the Court are the Motions to Dismiss filed by Judge Alonzo Harris and Charles Jagneaux, Clerk of Court of the 27th Judicial District Court in St. Landry Parish, Louisiana. (Rec. Doc. 15 and 16). The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Further, the Court hereby undertakes its obligation to consider jurisdiction *sua sponte*. For the reasons fully explained below, it is recommended that Judge Harris's and Mr. Jagneaux's Motions be GRANTED insofar as they seek to dismiss the case for lack of subject matter jurisdiction. The Court further recommends that Plaintiff's claims against all Defendants be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

### Factual Background

Plaintiff, proceeding *pro se*, filed this suit on September 9, 2019 against several Defendants, including Judge Alonzo Harris (of the 27th Judicial District

Court in St. Landry Parish), Bobby Guidroz (St. Landry Parish Sheriff), Charles Jagneaux (27th Judicial District Clerk of Court), and Ron Duplechain (St. Landry Parish Tax Assessor). At that time, Plaintiff asserted federal question jurisdiction based upon "illegal seizing of property." (Rec. Doc. 1). Attached to Plaintiff's original Complaint are multiple *pro se* Petitions which appeared to have been filed in State Court in St. Landry Parish, Louisiana. Plaintiff later filed a voluminous set of documents consisting of copies of various pleadings filed in State Court and a prior action in this Court. (Rec. Doc. 6). The Court gleans from these documents that Plaintiff is attempting to recover for the loss of his vehicle, which was apparently towed away several years ago by court order, and perhaps other property. (Rec. Doc. 1-1). Plaintiff was granted pauper status. (Rec. Doc. 4). None of the original Defendants answered the suit; however, the Court has serious concerns regarding the validity of Plaintiff's service returns, as they are missing information and, at times, internally inconsistent.[1] (Rec. Doc. 9).

Plaintiff filed an Amended Complaint on December 26, 2019 in which he purported to name up to thirty-eight individuals and entities, seeking a range of $10,000 to $10 million from each. (Rec. Doc. 11). The gist of Plaintiff's Amended

---

[1] As an example, the Proof of Service for Lavergne's Towing is filled out for personal and domiciliary service, as well as for service on an organization, though Plaintiff is identified as the person who accepted service. Neither does the Proof of Service indicate an address of service. See Rec. Doc. 9, p. 3.

Complaint appears to relate to Plaintiff's ongoing legal issues in St. Landry Parish, involving multiple St. Landry Parish officials and attorneys. Sprinkled throughout the Complaint are references to Plaintiff's property having been taken. Since then, Plaintiff has filed numerous documents, which essentially mirror his Complaints and previously filed "exhibits" and consistently seek judgments for large sums of money from the numerous named defendants. (Rec. Doc. 8; 13; 14; 19).

In response to Plaintiff's suit, Defendants, Judge Harris and Mr. Jagneaux, filed the instant Motions to Dismiss pursuant to F.R.C.P. Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This suit is substantially similar, if not identical, to Plaintiff's previous suit filed in this Court in February 2018, *Lawrence Richard v. Judge Alonzo Harris*, et al, Docket No. 6:18-cv-0149. The Court in that matter dismissed Plaintiff's claims against various St. Landry Parish parties (including Judge Harris, Sheriff Guidroz, and the St. Landry Parish Clerk of Court, *inter alia*) for lack of subject matter jurisdiction and/or failure to state a claim. (No. 18-cv-0149 Rec. Doc. 52, 55, 72, 76, 87, 88).

## **Applicable Law**

Both Judge Harris and Mr. Jagneaux challenge Plaintiff's Complaint on the grounds of jurisdiction. Indeed, "federal courts must address jurisdictional questions

whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). Federal district courts are courts of limited jurisdiction, possessing power only as conferred by the Constitution or statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). They have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007). The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co*., 287 F.2d 252, 253 (5th Cir. 1961).

Pursuant to §1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc*., 271

F.3d 186, 188 (5th Cir. 2001); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). See, also, *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. App'x 343, 344 (5th Cir. 2007).

Judge Harris and Mr. Jagneaux argue, and the Court agrees, that Plaintiff's allegations do not show a claim arising under the Constitution or any federal statute. Plaintiff's Complaints and various documents do not cite any federal statute or otherwise indicate how a federal right was allegedly violated, other than having checked the box for federal question jurisdiction in his Complaint (Rec. Doc. 1, p. 3). The most the Court can glean from Plaintiff's submissions is that he seeks to recover for the loss of his personal property, including a vehicle and/or immovable property. This does not constitute a federal claim, absent allegations that defendant(s) violated a specific federal law or an action by a federal actor. None of the named defendants are alleged to be federal actors, and the federal law upon which Plaintiff rests his claims is not readily apparent from the Complaints.[2]

---

[2] Although the case has been classified as a civil rights claim under 42 U.S.C. §1983, and although Plaintiff has alleged his property was taken "by fraudulent acts by persons in authority," the Court does not appreciate any specific factual allegations bringing this claim within the ambit of §1983. Plaintiff did not cite §1983 as a basis for his claims or otherwise invoke specific federal court relief.

Diversity jurisdiction is also lacking. Jurisdiction under §1332 requires diversity of citizenship and an amount in controversy of at least $75,000. It is well-established that the diversity statute requires "complete diversity" of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Plaintiff states that he is a citizen of Louisiana. (Rec. Doc. 1). Multiple defendants, including Judge Harris and Mr. Jagneaux are also citizens of Louisiana. (Rec. Doc. 1). Therefore, complete diversity is lacking, and this Court does not have jurisdiction under §1332.

Because the Court finds that federal court jurisdiction is lacking, the Court is without authority to consider the extent of Judge Harris's immunity (Rec. Doc. 15-1), whether the suit is precluded by the doctrine of res judicata (Rec. Doc. 15-1 and 16-1), or whether Plaintiff has stated a claim upon which relief can be granted. See *United States v. Texas Tech Univ.*, 171 F.3d 279, 287 (5th Cir. 1999). Nevertheless, the Court notes that another division of this Court has already considered substantially similar motions to dismiss Plaintiff's nearly identical suit in 18-cv-0149 and found that Plaintiff failed to invoke federal court jurisdiction and/or failed to state claims upon which relief can be granted. (No. 18-cv-0149 Rec. Doc. 52, 55, 72, 76, 87, 88). Because Plaintiff's allegations in this lawsuit are nearly identical to

those in the prior proceeding, this Court finds that Plaintiff's claims should be dismissed for the same reasons set forth by the Court in No. 18-cv-0149.

## Conclusion

For the reasons discussed herein, it is recommended that Judge Harris's Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(1) and Mr. Jagneaux's Motion to Dismiss insofar as it is based upon F.R.C.P. Rule 12(b)(1) be GRANTED. The Court further finds that federal jurisdiction is lacking based upon the pleadings presented. Accordingly, the Court recommends that Plaintiff's claims against all defendants be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

    THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of February, 2020.

                                                          _____
                                                          PATRICK J. HANNA
                                                          UNITED STATES MAGISTRATE JUDGE